**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GARY D. WOLFE,

Petitioner,

Case No. 03-60126
Hon. Marianne O. Battani

v.

MILLICENT WARREN,

Respondent.
_________________________/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DENYING PETITIONER'S APPLICATION FOR THE WRIT OF HABEAS CORPUS**

On March 31, 2005, Magistrate Judge Paul J. Komives issued a Report and Recommendation (R&R) in this matter, denying Petitioner's *pro se* petition for Writ of Habeas Corpus. The Magistrate Judge found that the state court's resolution of petitioner's claim was a reasonable application of clearly established federal law. Petitioner raises three objections to the Magistrate Judge's R&R. Petitioner asserts that parties can stipulate to the attachment of jeopardy, that *Oakland Press* articles produced prejudicial pretrial publicity, and that he received ineffective assistance from both trial and appellate counsel.

The Court has reviewed *de novo* those portions of the report to which the objections were filed. 28 U.S.C. § 636 (b)(1). For the reasons that follow, the Court finds the objections lacking in merit.

In his first objection, Petitioner asserts that the state court "erroneously treated the question of whether or not the jury had to be sworn as a 'question of law'". See Petitioner's Objections, No.1. The requirement for juries to be sworn in before jeopardy attaches is well-

settled. Serfass v. United States, 420 U.S. 377, 388 (1975); United States v. Martin Linen Supply Co., 430 U.S. 564 (1977). Here the jury was empaneled, but not sworn. However, the parties stipulated that jeopardy attached in order to save time and to allow the judge to rule on a motion to quash. The Magistrate Judge correctly treated the question of whether or not a jury is sworn as a question of law.

Petitioner relies on Rickets v. Adamson 483 US 1 (1987) to support his first objection. In Ricketts, the defendant signed a plea agreement "under which he had pleaded guilty to a lesser offense, had been sentenced, and had begun serving a term of imprisonment." Id. at 3. A condition of the plea agreement provided that the defendant testify against the other parties involved. It further provided that if the defendant refused to testify, the entire "agreement [was] null and void and the original charge [would] be automatically reinstated", and that the State could file any charges not filed at the time of the agreement. Id. at 4. Although the defendant testified at the other parties' trials, he did not testify at their retrials. The Court observed that the bargained for exchange nature of the plea agreement benefitted each party. Id at 9. It further found, "An agreement specifying that charges may be *reinstated* given certain circumstances is, at least under the provisions of this plea agreement, *precisely* equivalent to an agreement waiving a double jeopardy defense." Id. at 10 (emphasis in original). Thus, it concluded that the defendant's breach did not allow for a double jeopardy defense. Pursuant to the plea agreement, his failure to testify allowed for reinstatement of the original charges against him.

Petitioner essentially analogizes the parties' stipulation to jeopardy to the provisions of the plea agreement in Ricketts which precluded a double jeopardy defense. This analogy fails as parties are allowed to make and follow plea agreements, but cannot stipulate to legal

conclusions. See Neuens v. City of Columbus, 303 F.3d 667, 670 (6th Cir. 2002) (noting that issues of law are the province of the court, and parties may not stipulate to the legal conclusions to be reached by the court). The Court agrees with the Magistrate Judge and finds no contrary law suggesting that parties can stipulate to a question of law. As the Magistrate Judge correctly stated, although there is no clear case law on stipulations to jeopardy, general legal principles weigh in favor of the state court of appeal's determination. See R&R at 13. Accordingly, the Magistrate Judge did not err in finding that jeopardy had not attached at the time the trial court dismissed the first degree murder count. The Court thus rejects Petitioner's first objection.

Petitioner's second claim is that the Magistrate Judge erred in failing to find he was prejudiced by the trial court's refusal to voir dire the jury about exposure to pretrial publicity. The Constitution does not guarantee the specific right to voir dire the jury, even though it may be necessary to safeguard the right to an impartial jury. See Morgan v. Illinois, 504 U.S. 719, 729-730 (1992)(finding that the due process clause of the Fourteenth Amendment requires impartial juries in capital sentencing, and that "part of the guarantee of a defendant's right to an impartial jury is an adequate *voir dire* to identify unqualified jurors"). Petitioner correctly notes that he has the burden to show a strong possibility of bias. See Petitioner's Objections, No. 2. Further, as the Magistrate Judge explains, this prejudice may be either presumed or actual. See R& R at 20-23.

Pretrial publicity can lead to a presumption of prejudice when the coverage is so pervasive as to render the inference of unfairness. See DeLisle v. Rivers, 161 F.3d 370, 381-383 (6th Cir. 1998) (noting that pretrial publicity results in a presumption of prejudice when the nature and extent of the coverage and community sentiment are such that prejudice should be

presumed). On the other hand, pretrial publicity can lead to actual prejudice when a juror is exposed to and forms a biased belief based on the exposure. See Irvin v. Dowd 366 U.S. 717, 725-26 (1961) (finding actual prejudice when news articles and headlines detailed defendant's criminal history including confessions to six murders and prior convictions, his police line up identification, and defendant's offer to plea guilty to a 99 year sentence combined with an overwhelming majority of the venire reporting some type of bias).

Petitioner's primary argument focuses on prejudice arising out of the *Oakland Press* articles. The Court has reviewed the articles Petitioner asserts as relevant to his claim.[1] Although the articles contained information concerning his case, Petitioner failed to demonstrate that any of these local articles fall within the narrow range of cases where prejudice is presumed. See Dell v. Straub, 194 F. Supp. 2d 629, 654-655 (E.D. Mich. 2002) (determining that articles that produce factual stories do not produce bias as they do not fall within the "type of extensive and inflammatory pre-trial publicity... condemned by the U.S. Supreme Court"). There are only a few extraordinary cases wherein courts have found prejudice produced by pretrial publicity, such as cases wherein a defendant's confession was aired on television three times, or when the press overcrowded the courtroom and turned the courtroom into a circus like atmosphere. See, e.g., Murphy v. Florida, 421 U.S. 794, 799-801 (1975). DeLisle at 382. The circumstances in those few cases were not present in Petitioner's trial.

Petitioner fails to present any evidence that radio, television, or major news source coverage was pervasive. Instead, he relies on the dismissal of jurors exposed to pre-trial

---

[1] Petitioner attached articles to his objections that were not attached to his original petition stating that he believed that the articles were provided in other materials. Pursuant to 28 U.S.C. § 636 (b)(1) the court may receive further evidence.

publicity on a co-defendant's jury. This argument fails as conclusory allegations do not provide a basis for relief. See Smith v. Puckett, 907 F.2d 581, 585 5th Cir. (1990) (finding that a conclusory allegation "does not suffice to present a viable basis for relief").

Furthermore, the articles do not establish that actual prejudice existed, as Petitioner failed to prove that any of the jurors read the articles and could not be impartial. See McQueen v. Scroggy, 99 F. 3d 1302, 1319 (6th Cir. 1996) (noting that "there is no per se rule that mere exposure to media reports merits exclusion of a juror"). As Petitioner did not meet his burden to show actual or presumed prejudice, the Court rejects his second objection.

In his third objection, Petitioner claims that he is entitled to relief based on ineffective assistance of counsel. The Magistrate Judge correctly articulates the requirements to establish ineffective assistance of counsel. See R&R at 31-2, 35. Petitioner must demonstrate that counsel's performance was deficient by showing that the grave errors in counsel's performance were not in accord with the functioning of 'counsel' guaranteed by the Sixth Amendment. Strickland v. Washington, 466 U.S. 668, 687 (1984). He must also show that the deficient performance caused prejudice that deprived him of a fair trial. Id. at 687.

Petitioner rests his entire claim of ineffective assistance of counsel on the state court's determination that parties could not stipulate to jeopardy. Specifically, Wolfe contends that trial counsel erred through his stipulation to jeopardy, and appellate counsel erred in failing to advance this matter on appeal. Petitioner's argument is not the same one advanced in his original habeas claim of ineffective assistance of counsel. In his original petition, Petitioner claimed that his trial counsel bolstered the testimony of the prosecution's only witness, linked Petitioner to other murders, and made damaging remarks about Petitioner. See Petitioner's

Mem. Of Law in Supp. Of Pet. For Writ of Habeas Corpus at 29-32. He further claimed that his appellate counsel failed to raise some issues on direct appeal. See id. at 33-34. Petitioner now argues that if the Court finds that jeopardy did not attach at the time of the trial court's ruling on the first degree murder charge, then trial counsel erred in his stipulation that the jury had been sworn, and appellate counsel erred in failing to raise a claim about the stipulation.

The court normally will not consider arguments that could have been, but were not, raised to the Magistrate Judge. Tennen v. Winter, 15 F. Supp 2d 270 (1998). Petitioner had the opportunity to advance the argument in this objection in the state courts or before the Magistrate Judge. He did not. Even if the Court exercised discretion to consider his objections, Petitioner failed to provide any legal auhority to support his objections. Furthermore, as the record reflects, Petitioner cannot meet his burden to show, absent counsel's error, reasonable probability that his claims would have been successful on appeal. Strickland at 669. For these reasons the Court rejects Petitioner's third objection.

Accordingly, the Court ADOPTS the Magistrate Judge's R&R in its entirety. The Court DENIES Petitioner's Objections and DISMISSES his Petition for Writ of Habeas Corpus.

IT IS SO ORDERED.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: August 19, 2005

CERTIFICATE OF SERVICE

Copies of this Order we mailed to Gary D. Wolf at Thumb Correctional Facility 3225 John Conley Drive Lapeer, MI 48446 and Brenda E. Turner on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt

DEPUTY CLERK